# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3507 | **DATE** | 4/29/2011 |
| **CASE TITLE** | Lance et al vs. Litton et al | | |

**DOCKET ENTRY TEXT**

For the following reasons, the Court grants Litton's Motion to Dismiss with prejudice.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiffs Inez and Larry Nance (together "Plaintiffs") filed suit, *pro se*, against Litton Loan Servicing ("Litton"), Household Bank ("Household"), and Mortgage Electronic Registration Systems ("MERS") (together "Defendants") alleging violations of the Illinois Consumer Fraud and Deceptive Business Act, 815 ILCS 505 ("ICFA") and common law fraud. Litton moves to dismiss Plaintiffs's Second Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6). Though the Court granted Plaintiffs two extensions for time to file a response, Plaintiffs have failed to do so and have not provided the Court with any precedent supporting the denial of Litton's motion. For the following reasons, the Court grants Litton's Motion to Dismiss with prejudice.

The Court liberally construes the filings of *pro se* litigants. *See Korsunskiy v. Gonzales*, 461 F.3d 847, 850 (7th Cir. 2006) ("If the judge can see what the *pro se* litigant is driving at, that is enough."). Pursuant to the *Rooker-Feldman* doctrine, however, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). The doctrine applies "where a party in effect seeks to take appeal of an unfavorable state-court decision to a lower federal court." *Id.* at 456. The *Rooker-Feldman* doctrine precludes federal subject matter jurisdiction when, after state proceedings have ended, a losing party in state court files suit in federal court complaining of an injury caused by the state court judgment and seeks review and rejection of that judgment by the district court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Federal claims presented to the district court that were not raised in the state court proceedings or "that do not on their face require review of a state court's decision may still be subject to *Rooker-Feldman* if those claims are 'inextricably intertwined' with a state court judgment." *Taylor v. Fed. Mortgage Ass'n*, 374 F.3d 529, 532-33 (7th Cir. 2004) (citation omitted). "While 'inextricably intertwined' is a somewhat metaphysical concept, the crucial point is whether the district court is in essence being called upon to review the state-court decision." *Id.* at 533 (internal quotations and citations omitted). If a claim is 'inextricably intertwined,' the Court must then determine whether the plaintiff had "a reasonable opportunity to raise the issue in state court proceedings." *Brokaw v. Weaver*, 305 F.3d 660, 667-68 (7th Cir. 2002) (citation

| | STATEMENT | |
|---|---|---|

omitted). If the plaintiff could have raised the issue in the state court proceedings, the claim is barred under *Rooker-Feldman*. *See Taylor*, 374 F.3d at 533.

Here, Plaintiffs's federal suit is brought pursuant to the ICFA and common law fraud and Plaintiffs seek an award of actual and punitive damages. Therefore, the Court will be barred from hearing Plaintiffs's case if these claims are 'inextricably intertwined' with the state court judgment. To that end, Plaintiffs specifically allege that Defendants submitted false and misleading affidavits in Plaintiffs's state court proceedings; that Defendants caused Plaintiffs's foreclosure; and that Defendants profited off of Plaintiffs's foreclosure. Plaintiffs's claim of an 'extrinsic fraud' perpetrated on the state court, however, is barred by *Rooker-Feldman* because "the relief granted when a claim of fraud on the court succeeds is that the party claiming fraud is relieved from the judgment, i.e., the judgment is set aside." *Id.*; *see, e.g., Jones v. U.S. Bank Nat'l Ass'n*, 2011 WL 814901 at *2 (N.D. Ill. Feb. 25, 2011) (Holderman, C.J.) (finding plaintiff's federal claim that defendants submitted false information to a state court foreclosure proceeding barred by *Rooker-Feldman*). As such, the Court finds that Plaintiffs's fraud claims are 'inextricably intertwined' with the state court judgment. *See Long v. Shorebank Dev. Corp.,* 182 F.3d 548, 557 (7th Cir. 1999) ("Absent the eviction order, [plaintiff] would not have suffered the injuries for which she now seeks to be compensated. And, to prevail on her claims, she would inevitably be forced to challenge the validity of th[e state court] order.").

The Court next examines whether Plaintiffs had a reasonable opportunity to raise the issue in state court proceedings. *See Brokaw*, 305 F.3d at 668. The Court notes that a party may not "rely on the deception of her opponents to demonstrate that she was not afforded a reasonable opportunity" to raise her claims in the state court proceeding. *Long*, 182 F.3d at 559; *Jones*, 2011 WL 814901 at *3 (finding plaintiff had a reasonable opportunity to raise concerns about the validity of foreclosure proceedings in state court). Here, Plaintiffs have not demonstrated any inability to challenge the allegedly false affidavits during the foreclosure proceeding. Nor have Plaintiffs, in failing to file a response brief, presented the Court with any precedent in their favor. As such, the Court finds that Plaintiffs have failed to demonstrate that they lacked a reasonable opportunity to raise their issues in state court.

For the reasons stated, the Court finds that Plaintiffs's fraud claims are barred by the *Rooker-Feldman* doctrine because they are 'inextricably intertwined' with the state court judgment and Plaintiffs have failed to demonstrate that they did not have a reasonable opportunity to raise these issues in state court. The Court therefore lacks jurisdiction and the case is dismissed.[1]

---

1. The Court further notes that the case could also be dismissed for want of prosecution. In spite of two extensions of time granted to Plaintiffs to file a response to the pending motion to dismiss, Plaintiffs failed to do so.